IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00607-MSK-KLM

HEARTLAND BUSINESS CREDIT CORPORATION, a Missouri corporation,

　　Plaintiff,

v.

DYNAMIC COLOR IMAGING, INC., a Florida corporation,

　　Defendant,

and

ABC LIQUORS, INC. d/b/a ABC FINE WINE & SPIRITS, a Florida corporation,

　　Cross-Claimant,

v.

DYNAMIC COLOR IMAGING, INC., a Florida corporation,

　　Cross-Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on Cross-Claimant ABC Liquor, Inc.'s **Motion for Entry of Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(1)** [Docket No. 57; Filed July 30, 2010] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for recommendation. The Motion seeks entry of default judgment against Defendant/Cross-Defendant Dynamic Color Imaging, Inc. ("Dynamic"). Due to Dynamic's failure to appear, the Clerk entered default against Dynamic on June 22, 2009 at ABC's request [Docket No. 23]. For the reasons set forth

below, the Court recommends that the Motion be **DENIED**.

## I. Findings of Fact and Statement of Case

1.  According to the Complaint and Cross-Complaint in this matter, on or about March 18, 2005, Plaintiff Heartland Business Credit Corporation, ("HBC"), and Cross-Claimant ABC Liquors, Inc. ("ABC") entered into an agreement whereby HBC financed ABC's acquisition of an OCE 900 ("OCE") copier machine from Dynamic. *Complaint* [#1] at 3-4. Before that transaction, HBC financed ABC's acquisition of an OCE 700 copier machine from Dynamic. *Cross-Complaint* [#8] at 6.

2.  In August 2007, Dynamic arranged for the replacement of ABC's leased OCE copier machines with Xerox equipment in order to resolve service issues with the OCE equipment. *Id.* Dynamic represented to ABC that it was no longer responsible for payments to HBC on the outstanding OCE leases and that they had been "cancelled or otherwise subsumed within the new 'Xerox' leases." *Id.*

3.  Despite Dynamic's representations that ABC had no ongoing monetary obligations to HBC, HBC billed ABC for $11,136.94 in December 2007. *Id.* at 9. Dynamic assured ABC that it did not owe HBC any money and requested a copy of the bill from ABC. *Id.* Additional invoices were sent from HBC to ABC in January and February 2008. Dynamic asked for copies of both invoices and told ABC that it did not owe the billed amounts to HBC. *Id.* For the February invoice Dynamic claimed that "[t]here should be no payments [to HBC] due." *Id.*

4.  Despite Dynamic's continued representations that ABC's financial obligations to HBC had been terminated by Dynamic, ABC learned that Dynamic had not terminated ABC's obligations to HBC for the OCE copier machine at issue and that for some period

2

of time, Dynamic had been making ABC's payments. Dynamic stopped doing so sometime in late 2007 or early 2008. *Gibson Affidavit* [#57-1] at 2.

5. On March 19, 2009, HBC filed the present lawsuit against ABC and Dynamic [Docket No. 1].[1] The Court's jurisdiction was founded on 28 U.S.C. § 1332 given that the amount in controversy exceeded $75,000 and that HBC is a Missouri corporation and ABC and Dynamic are Florida corporations.[2] On May 12, 2009, ABC filed an Answer and Cross-Complaint against Dynamic [Docket No. 8].

6. In the Cross-Complaint, ABC asserts three claims against Dynamic based upon the events described above. First, ABC claims that Dynamic breached a contract to indemnify ABC against its obligations to HBC. *Cross-Complaint* [#8] at 11-12. Second, ABC claims that Dynamic breached its maintenance contract with ABC by failing to "provide service and maintenance concerning the 'OCE' and 'Xerox' machines, inclusive of all parts, labor, mileage, toner, emergency calls, developer, cleaning rollers, drums and service/maintenance in conjunction with the warranty . . . ." *Id.* at 12-13. Third, ABC claims that Dynamic committed fraud when it "represented and warranted to ABC that the HBC lease would be terminated, such that ABC would have no lease payment obligation to HBC carrying forward." *Id.* at 13-14.

7. On May 27, 2009, ABC served the Summons and Cross-Complaint upon Dynamic such that Dynamic's answer to the Cross-Complaint was due on or by June 17,

---

[1] A third Defendant, Lifepoint Community Church of Tampa Bay, Inc., was voluntarily dismissed by HBC on August 13, 2009 [Docket No. 24].

[2] Colorado was the chosen forum because the lease agreement between HBC and ABC and the vendor agreement between HBC and Dynamic denote Colorado as the venue for any controversy arising from the agreements. *Complaint* [#1] at 3.

2009. *Motion for Default* [#22] at 1; *Verified Return of Service* [#22-1] at 1; *Affidavit* [#22-2] at 1.

    8. To date, Dynamic has failed to appear or otherwise defend.

    9. Dynamic is not an infant or incompetent person. *Affidavit* [#22-2] at 1. Nor is Dynamic in the military service of the United States within the purview of the Soldiers' and Sailors' Civil Relief Act. *See id.*

    10. Due to Dynamic's failure to answer or file any pleadings in this matter, the Clerk of Court entered default against Dynamic pursuant to Fed. R. Civ. P. 55(a) on June 22, 2009 at ABC's request [Docket No. 23].

    11. On June 1, 2010, HBC's claims against ABC were voluntarily dismissed and ABC was terminated as a party Defendant [Docket No. 52 & 53]. While HBC's claims remain pending against Dynamic, HBC did not obtain default against Dynamic, nor does HBC join ABC's present Motion.

## II. Analysis

Despite the fact that ABC is no longer a party Defendant, ABC argues that it is entitled to entry of default judgment against Dynamic. ABC specifically requests that the Court determine that (1) Dynamic breached a contract to indemnify ABC against any ongoing contractual obligations with HBC; and (2) Dynamic committed fraud when it encouraged ABC to acquire new copier equipment from Dynamic and breach its lease agreements with HBC. *Motion* [#57] at 5-10. ABC does not seek default judgment as to a third cross-claim for breach of contract regarding Dynamic's failure to provide service and maintenance on the leased copy machines, but instead indicates that it is prepared to voluntarily dismiss this cross-claim. *Id.* ABC requests judgment in the amount of

4

$106,449.33 for the damages ABC has allegedly incurred because of Dynamic's fraud and breach of contract. *Id.* at 7, 9. The $106,449.33 figure is based upon the $90,000 paid by ABC to HBC to resolve the latter's claim against it [Docket No. 57-3] and the $16,449.33 in attorneys' fees accrued by ABC to defend itself against HBC's claims and to assert its cross-claims against Dynamic. *See Springer Affidavit* [#57-2] at 1.

### A. Entry of Default

As a threshold issue, the Court examines whether default was entered properly in this case. A defendant in a civil action has twenty-one days after being served with the summons and complaint, or fourteen days after notice of the Court's denial of a motion, to serve an answer. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) & (a)(4)(A). Pursuant to the Verified Return of Service, ABC's lawsuit was served upon Dynamic on May 27, 2009, by leaving a copy of the Summons, Cross-Complaint and Certificate of Service with Dynamic's registered agent [Docket No. 17] at 202 Crystal Grove Blvd., Lutz, Florida 33548.[3] Accordingly, Dynamic's deadline to answer the Cross-Complaint was June 17, 2009. Dynamic has failed to plead or otherwise defend against this action. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the party must be defaulted. *See* Fed. R. Civ. P. 55(a). As noted above, upon ABC's motion for entry of default accompanied by the Verified Return of Service and an affidavit stating that Dynamic is not incompetent or an infant, nor is in the military service of the

---

[3] Although Dynamic's principal place of business is located at 2506 Success Drive, Odessa, Florida 33556, see *Springer Affidavit* [#22-2] at 1, Dynamic's registered agent is located at the Lutz address listed above according to the Florida Department of State Division of Corporations website, www.sunbiz.org. Therefore, service of process at the Lutz address is proper pursuant to Fed. R. Civ. P. 4(h)(1)(B).

United States within the purview of the Soldiers' and Sailors' Civil Relief Act, see *Affidavit* [#22-2] at 1, the Clerk of the Court entered default against Dynamic [Docket No. 23]. From my review of the record, I find that entry of default was proper.

### B. Jurisdiction

As an additional threshold issue, the Court considers whether the dismissal of claims by HBC against ABC impacts ABC's ability to pursue its cross-claims against Dynamic [Docket Nos. 52 & 53]. HBC's claims against ABC and Dynamic were founded upon diversity jurisdiction, as HBC is a Missouri corporation and ABC and Dynamic are Florida corporations. Although HBC's claims against Dynamic remain pending, I note that HBC is not seeking adjudication of those claims via default or any other mechanism. Regardless, the original basis for diversity jurisdiction in this court appears to remain.

Nevertheless, it is necessary to consider whether the Court has jurisdiction to resolve ABC's cross-claims. At the time of the Cross-Complaint's filing, although ABC and Dynamic lacked diverse citizenship, the Court had jurisdiction over ABC's claims pursuant to 28 U.S.C. § 1367(a). *See also* Fed. R. Civ. P. 13(g); *Sandlin v. Corp. Interiors Inc.*, 972 F.2d 1212, 1215-16 (10th Cir. 1992) (recognizing that federal courts can assert ancillary jurisdiction over cross-claim despite the parties' lack of diversity). The dismissal of ABC as a party Defendant, however, changes the jurisdictional basis upon which ABC may pursue its state law cross-claims against Dynamic. While the Court has discretion to maintain jurisdiction over ABC's cross-claims, see *United States v. Zima*, 766 F.2d 1153, 1158 (7th Cir. 1985) ("Once power is rightfully conferred, the district court retains power to consider the ancillary claims"), in determining whether to exercise that discretion, the Court considers factors such as judicial economy, comity, fairness and convenience to the

6

parties. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (noting that when claims which were the basis for federal jurisdiction are dismissed before trial "the balance of factors to be considered . . . [i.e.,]–judicial economy, convenience, fairness, and comity–will [usually] point toward declining to exercise jurisdiction over the remaining state-law claims").

Here, I find that these factors weigh against the Court exercising ancillary jurisdiction over ABC's cross-claims against Dynamic. In particular, judicial economy and comity are not served by adjudicating ABC's cross-claims on the present pleadings. First, although ABC appears to believe that Colorado law applies to its claims, ABC has failed to provide any legal foundation for an implied indemnity contract claim under Colorado law.[4] In addition, to the extent that ABC seeks attorneys' fees, it has not directed the Court to any Colorado legal provision authorizing an award of attorneys' fees based on the cross-claims asserted here. I note that Colorado subscribes to the American Rule regarding the

---

[4] As indicated below, I have significant reservations about whether Colorado law applies. Nevertheless, assuming, *arguendo*, that it does apply, problems arise. For example, although ABC does not identify its alleged contract with Dynamic as an implied one, ABC's pleadings refer to no express contract of indemnification between these parties. Hence, although ABC apparently intends to assert a claim based upon implied contract, the viability of such a claim is questionable on these facts. Specifically, it is unclear whether the relationship between ABC and Dynamic would permit the factfinder to conclude that Dynamic's representations amount to an implied agreement by Dynamic to indemnify ABC for any of its obligations to HBC. *See generally* 41 Am. Jur. 2d *Indemnity* § 20 (2010). Moreover, there is a dearth of Colorado law regarding implied indemnification contracts. In an effort to leave no stone unturned, the Court looks to traditional principles regarding breach of an implied-in-fact contract to determine ABC's potential basis for recovery, i.e., that the plaintiff rendered services to the defendant without a specific agreement to be paid and the defendant accepted such services but did not pay. *See* 2 Colo. Jury Instr. (Civil) § 30:14 (2008). Clearly, the facts at issue here do not appear to fall neatly within such a claim. Without citation to controlling Colorado law, the legal basis for ABC's breach of contract claim is unclear.

imposition of attorneys' fees. *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1287 (Colo. 1996). Absent clear statutory, legal or contractual language "to the contrary, attorney fees are not recoverable by the prevailing party in either a contract or tort action." *Id.*[5] I find that judicial economy weighs against exercising jurisdiction where, as here, supplementation of the Motion would be necessary.

Second, given Colorado's choice of law jurisprudence, it is entirely unclear whether Colorado law would apply to the cross-claims between ABC and Dynamic. *See AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 508 (Colo. 2007) (noting that "federal court exercising its diversity jurisdiction . . . must apply the choice of law rules of the forum state"). ABC's cross-claims deal with two Florida companies and relate to alleged conduct that occurred in Florida. If there is any binding contractual basis for applying Colorado law between these two parties, ABC has not directed it to the Court's attention. Despite the fact that Colorado was the venue chosen for the underlying lawsuit, applying Colorado law to ABC's state law contract and tort claims would appear to be at odds with Colorado's

---

[5] While there may be a recognized exception under Colorado law authorizing recovery of attorneys' fees where "a party's wrongful act proximately [causes] the wronged party to become engaged in litigation with others," this exception does not allow the wronged party to recover the fees incurred to litigate against the wrongdoer. *Bernhard*, 915 P.2d at 1287 & n.3. ABC's $16,449.33 request for attorneys' fees includes both its costs of litigation with HBC and its costs to file cross-claims against Dynamic. *See Springer Affidavit* [#57-2] at 1. ABC failed to show that this exception applies here and, if it does, to provide an itemization of those fees directly incurred in litigation with HBC as required by D.C.COLO.LCivR 54.3B. In addition, I note that to the extent that ABC's Motion could be construed to argue that it is entitled to its attorneys' fees pursuant to the "foreseeable damages" exception, "such fees are considered special damages, which must be pleaded in the complaint . . . ." *Lawry v. Palm*, 192 P.3d 550, 569 (Colo. Ct. App. 2008). "A complaint's request for attorney fees in a general prayer for relief does not plead special damages" and, in the absence of a specific request, any award of attorneys' fees is precluded. *Id.* Here, the Cross-Complaint does not contain a specific request for attorneys' fees; rather, the request is contained in the prayer of each claim and seeks only generally the "costs incurred." *Cross-Complaint* [#8] at 12, 14.

choice of law principles and common sense.  *See id.* at 508-11 (adopting "[t]he most significant relationship to the occurrence and parties test"); *see also Sportsmans Warehouse, Inc. v. Fair*, 576 F. Supp. 2d 1175, 1187 (D. Colo. 2008) (recognizing that when basis for asserting jurisdiction over case is terminated, judicial economy and comity support dismissing claims which "concern[] state law principles, including possibly choice of law questions").  Given ABC's failure to address this issue, judicial economy is not served by this Court researching and analyzing the issue at first blush.  *See generally Muhic v. Pueblo Comm. College*, No. 06-cv-02390, 2008 WL 313807, at *8-9 (D. Colo. Feb. 1, 2008) (unpublished decision) (noting that it is not the court's task to make a party's argument for her particularly where the link between the factual assertions and legal basis are unclear).

Third, to the extent that Florida law rightfully applies here, ABC has not provided the Court with any citation to applicable Florida law as the basis for entry of default judgment on an implied contract or fraud claim.  Again, the Court's time is not best served by researching, identifying and applying Florida law.  *See id.*  Further, in the interest of comity, the state court with jurisdiction over these claims is at least as well suited, if not better suited, than this Court to resolve ABC's case against Dynamic.  *See Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

In addition, I find that fairness and convenience to the parties do not dictate a different result.  While admittedly, resolving ABC's cross-claims against Dynamic in this Court would serve ABC's present interests, nothing before the Court indicates that ABC is

9

precluded from pursuing its state law claims against Dynamic in the appropriate state court. *See, e.g.*, 28 U.S.C. § 1367(d) (tolling state statute of limitations for state law claims pending in federal court via ancillary jurisdiction). Moreover, I note that ABC has not expended a significant amount of time or effort to date to litigate its cross-claims in federal court. Further, pursuing this matter in the appropriate jurisdiction would be convenient to both parties, particularly if a judgment is entered which requires enforcement. *See generally Perdomo v. Garcia*, No. C 09-05976, 2010 WL 3324304, at *2 (N.D. Cal. Aug. 23, 2010) (unpublished decision) (declining to exercise jurisdiction over state law cross-claims between nondiverse parties where "it would be equally convenient for the parties to try the remaining claims in state court"); *Owners Ins. Co. v. Lyons Lumber Co.*, No. Civ.A. 3:05-11, 2006 WL 905935, at *10 (E.D. Ky. Apr. 7, 2006) (unpublished decision) (declining to exercise jurisdiction over state law cross-claims between nondiverse parties which involved conduct in Kentucky between Kentucky residents); *Miletta v. United States*, 2005 WL 1318867, at *15 (D.N.J. May 27, 2005) (unpublished decision) (declining to exercise jurisdiction over state law cross-claims between nondiverse parties where the parties had not made substantial expenditures and the Court had not expended significant resources).

Finally, 28 U.S.C. § 1367(c) provides the federal court with discretion to refuse to consider state law claims under these circumstances. In this regard, I note that ABC's state law cross-claims are the only claims that effectively remain at issue given that the claims against ABC have been dismissed and that HBC, to date, has failed to prosecute its claims against Dynamic.[6] *See* 28 U.S.C. § 1367(c)(2) & (3); *see, e.g.*, *Progressive Cas.*

---

[6] For example, the Court set a deadline for HBC to file a motion for default judgment against Dynamic [Docket No. 18]. HBC failed to do so. In addition, the parties informed the

*Ins. Co. v. Estate of Crone*, No. 95-1015, 1995 WL 617380, at *1 (D. Kan. Aug. 22, 1995) (unpublished decision) (noting that where only state law cross-claims between nondiverse parties remain in dispute, "the cross-claims 'substantially predominate' over the claim over which this court has original jurisdiction" and should be dismissed). Further, as noted in my comments above, I find that there are compelling reasons to decline to exercise jurisdiction over ABC's cross-claims on the present pleadings. *See* 28 U.S.C. § 1367(c)(4).

### III. Conclusion

I recommend that the Court decline to exercise jurisdiction over ABC's cross-claims against Dynamic. Accordingly,

IT IS HEREBY **RECOMMENDED** that ABC's Motion for Entry of Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(1) be **DENIED** and that ABC's cross-claims be **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

District Judge that the settlement between HBC and ABC negated the need to ready the case for disposition on any other pending claims. *See ABC's Unopposed Motion* [#57] at 2. Finally, as noted, HBC does not join in ABC's request for entry of default judgment against Dynamic.

Dated: September 21, 2010

BY THE COURT:
/s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix